**Vernon Lee MIDDAUGH, Jr., Applicant,**

v.

**The STATE of Texas, Respondent.**

**No. 69415.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1985.

Vernon Lee Middaugh, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Applicant has filed an original application for writ of mandamus alleging that he is being restrained illegally of his liberty by the Texas Department of Corrections, and asking this Court to order his immediate release from such alleged unlawful confinement. Applicant was convicted of the offense of felony theft and, upon a finding that he had previously been convicted of two felonies, was sentenced to life. This occurred in the 56th Judicial District Court of Galveston County on January 19, 1978.

In the sworn petition filed in this Court, applicant alleges that the docket sheet of the district court from which his conviction originated clearly shows that on November 17, 1983, the trial court had granted him relief from the conviction, reassessed punishment at fifteen years' confinement, and ordered his immediate release. Applicant further asserts that no order of release has been forthcoming, and that since the time of the November, 1983, order (as reflected on a sworn copy of the docket sheet attached to his petition) all records of his conviction have been lost or destroyed by the clerk of the convicting court. Thus, the only available record, he contends, is the docket entry showing he was previously granted relief. In support of these additional contentions, applicant has filed copies of letters written by him to the district clerk which have typed thereon alleged responses of the clerk stating that the file is missing and cannot be located. All of these items are incorporated by reference in his sworn petition.

It is applicant's prayer that we issue our writ of mandamus to compel the Department of Corrections to release him in accordance with the docket entry of November, 1983. However, this application presents a more serious question. Certified copies of documents filed in this Court by the District Clerk of Galveston County indicate that the materials filed by applicant are obvious forgeries and that applicant has falsely sworn to the truth of his allegations as well as the authenticity of other documents attached to his application. Just as one may abuse the writ of habeas corpus [see *Ex parte Dora*, 548 S.W.2d 392 (Tex.Cr.App.1977), and *Ex parte Emmons*, 660 S.W.2d 106 (Tex.Cr. App.1983)] we hold that this applicant has waived and abandoned any contention he might have in regard to the instant conviction.

During the past fiscal year there were 1797 writs of habeas corpus, mandamus and prohibition and other extraordinary matters filed in this Court. All of these items are carefully scrutinized by an already over-burdened Court. We should not and will not tolerate the filing of such perjurious material.

Therefore, the Honorable Thomas Lowe, Clerk of the Court of Criminal Appeals, is not to accept or file any further applications of this applicant attacking the conviction for which he is currently incarcerated unless the applicant has first shown that any contentions presented have not been previously raised and a showing is made that they could not have been presented in any earlier application. *Ex parte Dora*, supra, and *Ex parte Bilton*, 602 S.W.2d 534 (Tex.Cr.App.1980).

It further appearing that applicant may have violated the criminal statutes of this State, the Honorable Thomas Lowe is di-

rected to forward a copy of this order, together with the records in this cause, to the prosecuting authority of Houston County (wherein applicant made the sworn affidavits that are now before us) in order that such prosecutor may take such action as he may deem appropriate.