IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,414-02






EX PARTE PATRICK LAMAR TAVE







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. C-1-007466-0815117-A IN THE CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY





 Per curiam.

 


O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of delivery of a
controlled substance of one gram or more, but less than four grams, and punishment was assessed
at confinement for sixty years. The conviction was affirmed on appeal. Tave v. State, No. 2-02-449-CR (Tex. App. - Fort Worth, delivered May 27, 2004, pet. ref'd.).

 Applicant alleges, inter alia, that he is not guilty of a felony delivery of a controlled
substance. Applicant concedes that he delivered a "rock" of cocaine to a confidential informant. 
However, he alleges that the amount of cocaine that he delivered weighed less than one gram. 
Applicant alleges that it was his co-defendant, Gloria Jean Hill, a.k.a. Gloria Jean Fulton, who
sold the larger "rock" of cocaine to the confidential informant. To support this allegation
Applicant submits a document purporting to be a declaration written and signed by Ms. Hill, in
which she admits responsibility for the delivery of the "rock" weighing more than one gram. 

 However, the State has obtained an affidavit from Gloria Hill, stating that the purported
declaration supplied by Applicant was neither written nor signed by her. The trial court has
found that the facts set out in the affidavit provided by the State are true and that Applicant has
presented a forged inmate declaration in support of his application.

 We find that Applicant has abused The Great Writ by submitting false evidence, deny this
application, and cite him for abuse of the writ. Applicant has waived and abandoned any
contention he might have in regard to the instant conviction, at least insofar as existing claims
which he could or should have brought in this application. Ex parte Jones, 97 S.W.3d 586 (Tex.
Crim. App. 2003); Middaugh v. State, 683 S.W.2d 713 (Tex. Crim.App. 1985); Ex parte
Emmons, 660 S.W.2d 106 (Tex. Crim .App. 1983). The Honorable Louise Pearson, Clerk of the
Court of Criminal Appeals, is instructed not to accept or file any future applications for a writ of
habeas corpus attacking this conviction unless Applicant has first shown that any contentions
presented have not been raised previously and a showing is made that they could not have been
presented in any earlier application for habeas corpus relief. Ex parte Dora, 548 S.W.2d 392
(Tex. Crim. App. 1977); Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Additionally, based on Applicant's submission of perjurious evidence, we find that Applicant has
filed a frivolous lawsuit.

 It is therefore ORDERED that the present application submitted under Tex. Code Crim.
Proc. 11.07 is denied. 


DELIVERED: FEBRUARY 15, 2006

DO NOT PUBLISH