IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,232-01






EX PARTE JASON AARON BURKETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03-07-05136-CR IN THE 221
ST DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to
imprisonment for life. The Ninth Court of Appeals affirmed his conviction. Burkett v. State, No. 09-04-00076-CR (Tex. App.-Beaumont, delivered Aug. 24, 2005, pet. ref'd).

 In his present application, Applicant raises eight grounds challenging his conviction. This application,
however, presents a more serious question. Applicant alleges, among other things, that he is actually
innocent. In support of this allegation, he has submitted documents purporting to be affidavits from Kristin
Willis, Megan Lazrine, Cathy Lazrine, and Michael Perry. The trial court has found that these affidavits
were fabricated.

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). We find that Applicant has abused The
Great Writ by submitting false evidence. By that abuse, Applicant has waived and abandoned any
contention that he might have in regard to the instant conviction, at least insofar as existing claims that he
could have or should have brought in this application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App.
2003); Middaugh v. State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d
106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find
that Applicant has filed a frivolous lawsuit. We dismiss this application.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal Appeals, not
to accept or file the instant application for a writ of habeas corpus, or any future application attacking this
conviction unless Applicant shows in such an application that any claims presented have not been raised
previously and that they could not have been presented in a previous application for a writ of habeas
corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).


Filed: November 21, 2007

Do Not Publish