IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,428-07






EX PARTE SIE JOE LANN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 97-07-00030-CRL IN THE 218TH DISTRICT COURT


FROM LASALLE COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment.

 In his present application, Applicant raises two grounds for challenging his conviction. This
application, however, presents a more serious question. Applicant alleges judicial misconduct and
ineffective assistance of counsel. In support of his allegations, Applicant submitted two documents
purporting to be letters from the Honorable Judge Olin B. Strauss, and the Honorable Chief Justice
Alma L. Lopez. This Court had concerns that such documents were not legitimate.

 This Court remanded the application to the trial court to obtain affidavits from the Honorable
Judge Strauss and the Honorable Chief Justice Lopez. Both the Honorable Judge Strauss and the
Honorable Chief Justice Lopez denied writing the letters. The trial court has found that both letters
were fraudulent. 

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). We find that Applicant has abused
the Great Writ by submitting false evidence. We dismiss this application and cite him for abuse of
the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in
regard to the instant conviction, at least insofar as existing claims that he could have or should have
brought in the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v.
State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim.
App. 1983).

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application attacking this conviction unless Applicant is able to show in such an application that any
claims presented have not been raised previously and that they could not have been presented in a
previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App.
1980).

 Additionally, based on Applicant's submission of false evidence, we find that Applicant has
filed a frivolous lawsuit and he is subject to the time forfeiture provisions of Government Code §
498.0045.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: March 25, 2009

Do Not Publish