IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,403-01






EX PARTE EDWARD LOZANO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-1670-01 IN THE 7TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to sixteen years' imprisonment.

 In his present application, Applicant raises four grounds for challenging his conviction. This
application, however, presents a more serious question. Applicant states in his sworn application
that he was seventeen on the day of his conviction. The record reflects that Applicant's birth date
is July 13, 1982. The date of the offense is listed in the indictment as January 27, 2001. Applicant
was therefore eighteen years old at the time of the offense, nineteen years old when he was given
deferred adjudication supervision on June 27, 2002, and twenty-five years old when his guilt was
adjudicated on April 28, 2008. 

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). We find that Applicant has abused
The Great Writ by submitting false evidence. We dismiss this application and cite him for abuse of
the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in
regard to the instant conviction, at least insofar as existing claims that he could have or should have
brought in the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v.
State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim.
App. 1983).

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application attacking this conviction unless Applicant is able to show in such an application that any
claims presented have not been raised previously and that they could not have been presented in a
previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App.
1980).

 A copy of this order shall be sent to the Texas Department of Criminal Justice, Correctional
Institutions Division.

Filed: March 3, 2010

Do Not Publish