IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-54,600-05, WR-54,600-06, WR-54,600-07 & WR-54,600-08






EX PARTE DAVID FRANK BURRIS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W97-02982-S(B), W97-2981-S(B), W97-02980-S(B) & 


W97-77841-S(B) IN THE 282ND JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four
charges of aggravated sexual assault of a child, and sentenced to fifty-five years' imprisonment.

 In his present applications, Applicant raises seventeen grounds for challenging his
convictions. These applications, however, presents a more serious question. Applicant alleges, inter
alia, that he is actually innocent of these offenses. In support of his allegations, Applicant submitted
two documents purporting to be affidavits signed by the two complainants in these cases, in which
they recanted the accusations against Applicant. 

 In opposition, the state obtained statements from the complainants, in which they state that
the recantation affidavits submitted by Applicant were neither signed nor sworn by them. One of
the complainants states that she never signed any document, and that the signature on the alleged
affidavit is not hers. The other complainant states that she did sign a document provided by
Applicant's mother, but that only the signature page of the document presented by Applicant as a
recantation affidavit is the same as the document she signed. The trial court has found that the
documents purported by Applicant to be recantation affidavits are not credible, and are fraudulent. 

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). We find that Applicant has abused
The Great Writ by submitting false evidence. We dismiss these applications and cite him for abuse
of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have
in regard to the instant convictions, at least insofar as existing claims that he could have or should
have brought in the applications. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh
v. State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim.
App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant
has filed a frivolous lawsuit.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant applications for writs of habeas corpus, or any future
application attacking these convictions unless Applicant is able to show in such an application that
any claims presented have not been raised previously and that they could not have been presented
in a previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim.
App. 1980).


Filed: May 25, 2011

Do Not Publish