IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,086-06






EX PARTE FELIPE DELEON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-9744928-MK


IN THE CRIMINAL DISTRICT COURT NO. 4

FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and was sentenced to sixty years' imprisonment.

 In his writ application, Applicant challenges the validity of this conviction and sentence,
alleging he is actually innocent of the offense. Applicant's writ application, however, presents a more
serious question. In support of his claim of actual innocence, Applicant submitted a document
purporting to be an affidavit signed by the complainant in which she denies the offense occurred and
admits to giving false testimony at trial. This affidavit has been shown to contain a forged signature
of the complainant, a forged signature of the notary, and a falsified notarization seal. 

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused
The Great Writ by submitting false evidence. We dismiss this application and cite for abuse of the
writ. By that abuse, Applicant has waived and abandoned any contention that might have in regard
to the instant conviction, at least insofar as existing claims that could have or should have brought
in the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v. State, 683
S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim. App. 1983).
Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed
a frivolous lawsuit.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application attacking this conviction unless Applicant is able to show in such an application that any
claims presented have not been raised previously and that they could not have been presented in a
previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App.
1980).


Filed: May 9, 2012

Do Not Publish