IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,593-01






EX PARTE JEFFREY O'NEAL DODSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1072135D IN THE CRIMINAL DISTRICT COURT #1


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment.

 In his present application, Applicant raises five grounds challenging his conviction. This
application, however, presents a more serious question. Applicant alleges that he was convicted on
the basis of perjured testimony and prosecutorial misconduct, that his counsel at trial and on appeal
was ineffective, that he was denied counsel at a critical stage, and that he is actually innocent of this
offense. In support of his allegations, Applicant submitted a document purporting to be a true and
correct transcription of a the plea hearing in which Applicant's brother and co-defendant pleaded
guilty to the same offense. According to Applicant, his brother pleaded guilty as the primary actor
who shot the victim causing his death. 

 In opposition, the State has provided a copy of the same plea proceeding, certified by the
official court reporter, which shows that Applicant's brother pleaded guilty to this offense as a party
and not as the primary actor. The trial court has found that the copy of the transcript submitted by
Applicant has been redacted to remove references to his brother being a party to, rather than the
shooter in this offense. The trial court concludes that Applicant has submitted false evidence, and 
recommends that Applicant be held to have waived and abandoned the claims raised in his
application, and that he be cited for abuse of The Great Writ.

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused
The Great Writ by submitting false evidence. We dismiss this application and cite him for abuse of
the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in
regard to the instant conviction, at least insofar as existing claims that he could have or should have
brought in the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v.
State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim.
App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant
has filed a frivolous lawsuit.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application pertaining to this conviction unless Applicant is able to show in such an application that
any claims presented have not been raised previously and that they could not have been presented
in a previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim.
App. 1980).

 Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: May 16, 2012

Do not publish