IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,644-02






EX PARTE WILLIAM WAYNE SPENCER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 99-DCR-031315 IN THE 240TH DISTRICT COURT


FROM FORT BEND COUNTY





 Per curiam.


O RDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty without an agreed
punishment recommendation and was convicted of aggravated robbery. He was sentenced to forty-five years' imprisonment. The Thirteenth Court of Appeals upheld his conviction and punishment. 
Spencer v. State, No. 13-99-505-CR (Tex. App.-Corpus Christi June 8, 2000).

 In his present application, Applicant raises two grounds for challenging his conviction. This
subsequent application does not meet the requirements to merit consideration from this Court. Tex.
Code Crim. App. Art. 11.07 §4. This application, however, presents a more serious question. 
Applicant alleges actual innocence and prosecutorial misconduct. In support of his allegations,
Applicant submitted an affidavit from his co-defendant. The trial court has found that Applicant
knew the facts in the affidavit were false when he presented it. 

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). We find that Applicant has abused
the Great Writ by submitting false evidence. We dismiss this application and cite him for abuse of
the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in
regard to the instant conviction, at least insofar as existing claims that he could have or should have
brought in the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v.
State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim.
App. 1983).

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application attacking this conviction unless Applicant is able to show in such an application that any
claims presented have not been raised previously and that they could not have been presented in a
previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App.
1980).

 Additionally, based on Applicant's submission of false evidence, we find that Applicant has
filed a frivolous lawsuit and he is subject to the time forfeiture provisions of Government Code §
498.0045.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: September 12, 2012

Do Not Publish