IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,838-01






EX PARTE JOSE SANCHEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2010-1529-C IN THE 211TH DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ten years' imprisonment. 

 In his present application, Applicant raises one ground challenging his conviction. This
application, however, presents a more serious question. Applicant contends that the trial court
initially ordered his sentence to run concurrently with a fifty-year sentence from McLennan County,
but then signed a judgment fifty-seven days later and ordered his sentence to run consecutively with
the fifty-year sentence. In support of his claim, Applicant submitted a document purporting to be
a final judgment. The trial court found that this document is not an authentic or valid judgment. 

 The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused
The Great Writ by submitting false evidence. We dismiss this application and cite him for abuse of
the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in
regard to the instant conviction, at least insofar as existing claims that he could have or should have
brought in the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v.
State, 683 S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim.
App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant
has filed a frivolous lawsuit.

 Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals,
not to accept or file the instant application for a writ of habeas corpus, or any future application
pertaining to this conviction unless Applicant is able to show in such an application that any claims
presented have not been raised previously and that they could not have been presented in a previous
application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).

 Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: January 16, 2013

Do not publish