**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00005-CR**
_____

**IN RE DOUGLAS ALAN BURDEN**

**Original Proceeding**

**MEMORANDUM OPINION**

Relator Douglas Alan Burden filed a writ of mandamus, in which he complains that in his underlying criminal case, the trial court entered a defective certification and failed to correct its certification. Because the information received from the trial court in Burden's underlying criminal case indicated that the case was a plea bargain and did not involve revocation of community supervision, this Court issued an opinion dismissing Burden's appeal for want of jurisdiction on August 7, 2003. *See Burden v. State*, No. 09-03-284-CR, 2003 WL 21831899, at *1 (Tex. App.—Beaumont Aug. 7, 2003, no pet.) (mem. op.) (not designated for publication). The trial court's only duty thereafter was to enforce our mandate, which issued on October 21, 2003. *See* Tex. R. App. P. 51.2.

We may grant mandamus relief only if the relator demonstrates that the act sought to be compelled is purely ministerial, and that the relator has no other adequate legal

1

remedy. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Burden has not shown that he is entitled to the relief sought. *See id*. In addition, we addressed the same issue in four prior petitions for writ of mandamus filed by Burden. *In re Burden*, No. 09-12-00360-CR, 2012 WL 3861258, at *1 (Tex. App.—Beaumont Sept. 5, 2012, orig. proceeding) (mem. op.); *In re Burden*, No. 09-11-00480-CR, 2011 WL 3839766, at *1 (Tex. App.—Beaumont Aug. 31, 2011, orig. proceeding) (mem. op.); *In re Burden*, No. 09-09-00403-CV, 2009 WL 3030335, at *1 (Tex. App.—Beaumont Sept. 24, 2009, orig. proceeding) (mem. op.); *In re Burden*, No. 09-08-228 CV, 2008 WL 2369137, at *1 (Tex. App.—Beaumont June 12, 2008, orig. proceeding) (mem. op.). Burden also complains that the trial court refused to rule on his motions for DNA testing. We previously addressed Burden's Chapter 64 claim in a prior mandamus proceeding. *In re Burden*, No. 09-12-00286-CR, 2012 WL 2849454, at *1 (Tex. App.—Beaumont July 11, 2012, orig. proceeding) (mem. op.).

Burden raises no new issues or arguments in this proceeding, nor does he provide any additional documentation to support his claims. We deny the petition for writ of mandamus. In addition, if Burden should file additional mandamus proceedings raising these same claims, we will cite Burden for abuse of the writ of mandamus unless he can demonstrate his claim was not and could not have been previously raised, he has no adequate remedy at law, and that the act he seeks to compel is ministerial. *See Ex parte Jones*, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003) ("[I]n this era of governmental

2

budgetary restraint, we cannot condone the waste of scarce judicial and fiscal resources that frivolous filings cause.").

PETITION DENIED.

PER CURIAM

Opinion Delivered January 23, 2013
Do Not Publish
Before Gaultney, Kreger, and Horton, JJ.