**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00195-CR**
_____

**IN RE WILLIE HENRY III**

================================================

**Original Proceeding**

================================================

**MEMORANDUM OPINION**

Relator Willie Henry III filed a petition for writ of mandamus with this Court, in which he alleges that the trial court lacked jurisdiction of his underlying criminal case because the indictment was amended, thereby changing the charge from sexual assault to aggravated assault. The documents Henry attached as exhibits indicate that his petition pertains to trial cause number 98575, which was previously appealed to this Court. *See Henry v. State*, No. 09-09-00029-CR, 2009 WL 2044819 (Tex. App.—July 15, 2009, no pet.) (not designated for publication). In addition, this Court has previously addressed two mandamus proceedings filed by Henry, in which Henry made the same argument with respect to the trial court's

jurisdiction. *See In re Henry*, No. 09-12-00513-CR, 2012 WL 5954140 (Tex. App.—Beaumont Nov. 28, 2012, orig. proceeding) (mem. op.); *In re Henry*, No. 09-12-00309-CR, 2012 WL 3044298 (Tex. App.—Beaumont July 25, 2012, orig. proceeding) (mem. op.).

Relator has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.). Henry raises no new issues or arguments in this proceeding, nor does he provide any additional documentation to support his claims. We deny the petition for writ of mandamus. In addition, if Henry should file additional mandamus proceedings raising these same claims, we will cite Henry for abuse of the writ of mandamus unless he can demonstrate that his claim was not and could not have been previously raised, he has no adequate remedy at law, and the act he seeks to compel is ministerial. *See Ex parte Jones*, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003) ("[I]n this era of governmental budgetary restraint, we cannot condone the waste of scarce judicial and fiscal resources that frivolous filings cause.").

PETITION DENIED.

PER CURIAM

Opinion Delivered May 8, 2013
Do Not Publish
Before McKeithen, C.J., Gaultney and Horton, JJ.