

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-23,602-04 AND WR-23,602-05

## EX PARTE WILLIE CURTIS MAYFIELD, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 12348A AND 12349A IN THE 29TH DISTRICT COURT FROM PALO PINTO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of capital murder and sentenced to life imprisonment for each charge.

In his present applications, Applicant raises two grounds challenging his convictions. These applications, however, present a more serious question. Applicant alleges that he has newly-discovered evidence of his actual innocence, and that he received ineffective assistance of trial counsel. In support of his allegations, Applicant submitted a document purporting to be an affidavit from an accomplice-witness who testified for the State at trial, recanting his trial testimony.

The notary whose stamp and signature appeared on page two of the purported affidavit has submitted an affidavit in which she states that she would not have notarized a document on a different date that when it was signed, as appears to be the case with the purported affidavit. The trial court conducted a habeas hearing, heard witness testimony, and has found that the piece of paper purporting to be page two of the affidavit, containing the notary stamp and witness signature, does not actually go with that statement, and does not prove that the accomplice-witness signed the statement under oath.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by submitting false evidence. We deny relief on these applications and cite him for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant convictions, at least insofar as existing claims that he could have or should have brought in the applications. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant applications for writs of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional

Institutions Division and Pardons and Paroles Division.

Filed: March 28, 2018
Do not publish