

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,603-03

### EX PARTE WILLIAM MONTERIAL JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1387546-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to forty years' imprisonment. The First Court of Appeals affirmed his conviction. *Jones v. State*, Nos. 01-14-01032-CR (Tex. App.—Houston [1st Dist.] Feb. 18, 2016)(not designated for publication).

In his present application, Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to present medical records and interview and subpoena medical staff to show that Applicant was severely injured and would have been unable to

run from the crime scene. This application, however, presents a more serious question. Applicant alleges that medical personnel was available to testify on Applicant's behalf. Applicant has provided an affidavit, purporting to be from a nurse, Kelly Russell, who states that Applicant could not have run any distance due to his injuries.

However, Kelly Russell has filed an affidavit and denies preparing or signing the affidavit, stating that she is not a nurse, that she does not, in the course of her employment, draft affidavits providing medical analysis or provide expert opinions regarding medical conditions of patients, and that she does not have any personal knowledge of Applicant's medical condition, nor is she qualified to testify about his medical treatment. Based on these statements, the trial court has found that Kelly Russell did not prepare or sign the affidavit submitted by Applicant in the instant writ application. Therefore, the affidavit was falsified and/or was wholly the product of Applicant because said affidavit was not authored, executed, or signed by the purported affiant.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by submitting false evidence. We deny relief on this application and cite him for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction, at least insofar as existing claims that he could have or should have brought in the application. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the

instant applications for writ of habeas corpus, or any future application pertaining to these convictions unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: August 22, 2018
Do not publish