

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,401-01

### EX PARTE EDWARD KYLE BYRD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 15299-A IN THE 29TH DISTRICT COURT FROM PALO PINTO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of aggravated kidnapping. He was sentenced to twenty-five years' imprisonment, pursuant to a plea bargain agreement.

In his present application, Applicant raises twelve grounds challenging his conviction. This application, however, presents a more serious question. Applicant alleges that counsel failed to file an appeal after he requested one. In support of his allegations, Applicant submitted a document purporting to be a letter to counsel requesting an appeal.

In opposition, counsel filed an affidavit and attached a copy of the letter Applicant actually sent to him, which did not include the request to file an appeal. The trial court has found that Applicant has submitted a falsified document in support of his application and should be cited for abuse of the writ.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by submitting false evidence. We deny relief on this application and cite him for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction, at least insofar as existing claims that he could have or should have brought in the application. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: October 3, 2018
Do not publish