

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,151-03

### EX PARTE JESUS AYALA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2003CRS000058-D4(B) IN THE 406TH DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of multiple child-sex offenses and was sentenced imprisonment.

Applicant contends in this subsequent habeas applicatoin that he is actually innocent. In support, he presents a letter purportedly written by a doctor who examined the victim and a sworn statement purportedly made by the victim recanting her allegations. The trial court finds that "Applicant's alleged

evidence was fabricated" and "does not constitute newly discovered evidence." The findings are supported by the habeas record provided to this Court.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by submitting false evidence. We dismiss the habeas application and cite Applicant for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed:   February 27, 2019
Do not publish