

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-70,204-03

**EX PARTE JUAN MELECIO ESPARZA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2005-2101-C (WHC3)
### IN THE 211TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to seventy-five years' imprisonment.

In his present application, Applicant raises four grounds challenging his conviction. This application, however, presents a more serious question. Applicant alleges, among other things, that he is actually innocent and that counsel was ineffective. In support of his allegations, Applicant submitted a document purporting to be affidavit.

After a remand, the trial court has found that the purported affidavit submitted by Applicant "is neither accurate nor correct, nor was it authored by the person listed in the document." The court also found that the Notary Public listed in the affidavit did not notarize the document. The court concluded that Applicant submitted false evidence.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by submitting false evidence. We deny relief on this application and cite him for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction, at least insofar as existing claims that he could have or should have brought in the application. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed:          May 1, 2019
Do not publish