

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-52,064-03

**EX PARTE LARRY DOUGLAS JONES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 98-149-K368C IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and indecency with a child and sentenced to imprisonment for life and twenty years, respectively. The Third Court of Appeals affirmed his convictions. *Jones v. State*, No. 03-98-00639-CR (Tex. App.—Austin Mar. 2, 2000) (not designated for publication).

Applicant contends, among other things, that the complainant's testimony was coached and coerced. Applicant submitted a document purporting to be an affidavit from the complainant. The trial court found that this document was fraudulent and concluded that Applicant had abused the

writ.

We find that Applicant has submitted false evidence. We dismiss his application and cite him for abuse of the writ. Applicant has waived and abandoned any contention that he might have in regard to his convictions, at least insofar as existing claims that he could have or should have brought in the application. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

We instruct the Clerk of the Court of Criminal Appeals not to accept the instant application for a writ of habeas corpus, or any future application relating to these convictions unless Applicant shows in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Filed: August 21, 2019
Do not publish