In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00010-CR
_____

IN RE MICHAEL CORBELLO

Original Proceeding
128th District Court of Orange County, Texas
Trial Cause No. A130634-R

MEMORANDUM OPINION

Relator Michael Corbello filed a petition for a writ of mandamus in which he asks this Court to set aside a final felony conviction. *See generally Corbello v. State*, No. 09-18-00404-CR, 2018 WL 6186125, at *1 (Tex. App.—Beaumont Nov. 28, 2018, no pet.). Corbello previously attempted to challenge this final felony conviction in mandamus petitions he filed with this Court. *See In re Corbello*, No. 09-19-00156-CR, 2019 WL 2273870, at *1 (Tex. App.—Beaumont May 29, 2019, orig. proceeding) (mem. op., not designated for publication); *In re Corbello*, No. 09-

1

17-00398-CR, 2017 WL 4974623, at *1 (Tex. App.—Beaumont Nov. 1, 2017, orig. proceeding) (mem. op., not designated for publication). Additionally, he has sought mandamus review of the trial court's failure to hold a hearing on a bill of review to set aside a plea bargain agreement. *See In re Corbello*, No. 09-19-00437-CV, 2019 WL 6765970, at *1 (Tex. App.—Beaumont Dec. 12, 2019, orig. proceeding) (mem. op.). We have explained in previous opinions that the Court of Criminal Appeals maintains exclusive state court jurisdiction over post-conviction felony cases. *Corbello*, 2017 WL 4974623, at *1. Corbello is not entitled to have this Court act on his request seeking to overturn his conviction. *Id.*

We deny the petition for writ of mandamus. In addition, if Corbello should file additional mandamus proceedings raising these claims in this Court, we will cite Corbello for abuse of the writ of mandamus unless he can demonstrate that his claim was not and could not have been previously raised, and that he has no adequate remedy at law and the act he seeks to compel is ministerial. *See Ex parte Jones*, 97 S.W.3d 586, 588-89 (Tex. Crim. App. 2003) (noting that frivolous filings waste scarce judicial and fiscal resources and citing the applicant for abuse of the writ); *see also* Tex. R. App. P. 52.11.

PETITION DENIED.

PER CURIAM

2

Submitted on January 28, 2020
Opinion Delivered January 29, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.