

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,547-01

### EX PARTE BYRON ORRICK OUTLAW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 44441-B*1 IN THE 78TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. Outlaw v. State, No. 02-06-00447-CR (Tex. App. — Fort Worth, 2008) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was convicted on the basis of false testimony at trial from his co-defendant, Clifton Wiley, and also that he was in another city at the time the murder occurred, conducting drug sales with Gerrod Robinson. In support of his allegations, Applicant submitted an affidavit from Clifton Wiley in which he recanted his trial testimony and

stated that he committed the offense himself. Applicant also submitted an affidavit from Gerrod Robinson stating that Applicant was with Robinson in Arlington at the time of the murder and could not have committed the murder.

The trial court conducted a live habeas hearing and heard testimony and arguments about these and Applicant's other grounds for review. At the habeas hearing, Clifton Wiley testified that his testimony at Applicant's trial was true, and that his recanting affidavit was false. Gerrod Robinson testified consistently with his affidavit, but conceded that he could have been mistaken about the dates. Robinson's purported alibi testimony was also contradicted by the testimony of other witnesses at trial and at the habeas hearing. The trial court has found that Applicant knew that the affidavits of Clifton Wiley and Gerrod Robinson were false when he submitted them in support of his application, and that he has abused the writ by knowingly submitting false evidence.

We agree and hold that Applicant has abused the writ and filed a frivolous lawsuit. *See Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); TEX. GOV'T CODE § 498.0045(a-1). Should Applicant file future habeas applications in this cause, we will not consider the merits of his applications unless he shows that the factual or legal basis of his grounds was unavailable in a previously filed application. This application is dismissed.

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: January 29, 2020

Do not publish