

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-63,573-03

### EX PARTE VINCENT SCOTT BROOKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 02-335-K277 C IN THE 277TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

## O R D E R

A jury convicted Applicant of burglary of a habitation and aggravated assault. Applicant filed this subsequent application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges he is actually innocent, and he complains of a trial court evidentiary ruling. He presents an affidavit purportedly made by the victim in which she recants her trial testimony. The trial court entered an Order Designating Issues on the actual innocence claim. The other claim is procedurally barred. *Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989); *Ex parte Gardner*, 959 S.W.2d 189 (Tex. Crim. App. 1996). There are no findings in the habeas record resolving the disputed factual issues.

Applicant presents an affidavit purportedly made by the victim stating, "[T]he case with [Applicant] was fabricated. The prosecutor coerced me into agreeing with the Machete and the violence against me, and at this time I am withdrawing my testimony. We had an argument and I was not attacked." The notary supplied an affidavit stating, in relevant part, "The signature and notary stamp are mine. None of the other writings on the page are from me. I do not recall ever seeing the document before today." The victim also supplied an affidavit—she says she did not make the recantation.

The record should be developed, and the trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall make credibility determinations and enter findings of fact resolving the disputed factual issues. The trial court shall also make findings on whether, if the affidavit Applicant presented is fraudulent, Applicant should be cited for abuse of the writ. *See Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); TEX. GOV'T CODE § 498.0045(a-1). The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 31, 2021
Do not publish