

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-63,573-03

**EX PARTE VINCENT SCOTT BROOKS, Applicant**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 02-335-K277 C IN THE 277TH DISTRICT COURT
FROM WILLIAMSON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of burglary of a habitation and aggravated assault and was sentenced to imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he is actually innocent. He has filed a document with his application purporting to be an affidavit from the victim recanting her trial testimony. The trial court finds that the evidence is fabricated, stating as follows:

> [I]t is apparent that Applicant and his relatives conspired to produce and submit to this court a false affidavit. [The authentic] affidavit this court has received from [the victim] herself makes clear that Applicant did commit the offense for which he was convicted and that he is not actually innocent. . . . [A]ll of Applicant's claims are barred as contained in a subsequent writ application without an exception. [Further,]

[t]his type of deception and abuse of the writ process must not be encouraged, facilitated, perpetuated, or tacitly ignored. Therefore, this court concludes that this subsequent Application for Writ of Habeas Corpus containing false assertions and a fraudulent affidavit should constitute an abuse of the writ process, and his application should be dismissed.

We agree and hold that Applicant has abused the writ and filed a frivolous lawsuit. *See Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); TEX. GOV'T CODE § 498.0045(a-1). Should Applicant file future habeas applications in this cause, we will not consider the merits of his applications unless he shows that the factual or legal basis of his grounds was unavailable in a previously filed application. This application is dismissed.

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: January 12, 2022
Do not publish