**Ex parte Millard D. CARR.**

**No. 48800.**

Court of Criminal Appeals of Texas.

July 17, 1974.

Branch T. Archer, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., David Kiker, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a habeas corpus proceeding in which the petitioner seeks relief from confinement under a ten-year sentence for the offense of rape. Carr v. State, 475 S.W. 2d 755 (Tex.Cr.App.1972). The trial court filed findings of fact and conclusions of law recommending that the writ be denied.

In his petition, the petitioner alleges that his testimony and that of two other witnesses will establish his innocence and render his confinement illegal. The two witnesses named in the petition did not testify at his trial. The trial court refused to hold a hearing to record the testimony of these witnesses, concluding that the petitioner had, by his own actions, abused the habeas corpus process and waived his contentions. In order to determine whether the court's findings and conclusions have support, we must look to the transcript of a hearing held by the same court on another writ filed by petitioner.[1]

That proceeding was held on December 27, 1972. The transcript reveals that the petitioner was asked if he had grounds other than those raised in the petition then being heard for alleging that he was illegally restrained of his liberty. He answered that he did, but repeatedly refused to disclose the nature of them.[2] After giving answers that ranged from evasion to flat refusals to reveal the other grounds, the appellant was allowed to collect his "papers" by the court during a short recess. However, at the conclusion of the recess, petitioner again refused to disclose his other contentions.

At the close of the December 27, 1972, hearing the court denied the relief petitioner sought. The present contention appears to be one of those which the petitioner refused to advance or discuss at the earlier hearing. As noted, the petition was denied

---

1. The transcript and record in that proceeding as well as the records from two other proceedings are before us in the record of this cause.

2. The basis for the State's questioning was a letter sent by petitioner to the trial court. In pertinent parts, it states:

   "It is my desire to acquire your complete cooperation in this matter, but that is a matter over which I have no control.

   I can make you but one promise . . . if you will make a fair, impartial and according to the law decision on this matter, this can be next to the last hearing you will ever have for me.

   I say next to the last, because there is a matter of a lawsuit that must be filed, which neither of us can avoid, even if you would sign an order for my release yesterday.

   However, if you should happen to close your eyes to the facts and the law, then you are going to cost Texas a hell of a lot of expenses, cause [sic] I am prepared to take each of my grounds, step by step, all the way to the Supreme Court of the United States.

   You have ground No. 1 before you now. There are 17 more prior to the proceedings on 9–17–69.

   10 grounds are presently be [sic] presented to the Supreme Court of the United States as No. 72–5468. These occurred during my trial and affect you."

   The letter also states:

   "If my present application filed as No. 15,572–A is given proper consideration, I may consider inclusion of my other 17 grounds, but this can only be done if I am given the opportunity to make a proper and effective presentation.

   I think it only fair for you to know that I have already prepared application No. 2 containing ground No. 2, but will not file same until I see what your intentions are on my present application."

without hearing on the basis that petitioner was abusing the writ.

The proceeding presents a novel question since this Court has rarely dealt with successive applications and the problem of the writ's abuse. However, the Supreme Court of the United States and the lower federal courts have frequently dealt with the question of abuse of federal habeas corpus processes. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963) and cases there cited; Fulford v. Smith, 432 F.2d 1225 (5th Cir. 1970); and Monnich v. Kropp, 408 F.2d 356 (6th Cir. 1969).

The opinion in Sanders v. United States, supra, in discussing successive applications as an abuse, states:

"  .  .  .  Thus, for example, if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. The same may be true if .  .  . the prisoner deliberately abandons one of his grounds at the first hearing. Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay." Sanders v. United States, supra, at 373 U.S. 18, 83 S.Ct. 1078.

In Fulford v. Smith, supra, we find the abuse of the writ condemned in this language:

"The advancing of grounds for habeas relief in a one-at-a-time fashion, when the evidence is available which would allow all grounds to be heard and disposed of in one proceeding, is an intolerable abuse of the Great Writ." Fulford v. Smith, 432 F.2d, supra at p. 1227.

Of course, these decisions relate to matters arising in federal habeas corpus proceedings. However, the reasoning is equally applicable to the situation before us. A petitioner seeking habeas corpus is not entitled to burden the courts with his process out of willfulness and spite. If he has grounds which would justify the granting of the relief he seeks, he should present them with dispatch for determination, rather than doling them out one-by-one in repeated attempts to have both the benefits of relief and the fleeting pleasures of harassing those who confine him.

A proper respect for the concept of justice it is the office of the Great Writ to protect, requires that petitions be filed in earnest and that all contentions of merit be presented and ruled upon as expeditiously as possible. The writ of habeas corpus is too serious and important a matter to be lightly used, and easily abused. It is a shield against injustice which should not be suffered to become a weapon in the hands of spiteful persons.

What we have said does not, of course, apply to those who cannot, for various reasons, present in one proceeding all the contentions of which they have knowledge at the time. In the instant case, at the prior hearing, the court made every reasonable effort to enable the petitioner to present his claims. Petitioner rebuffed the court's efforts, and did not contend that he was unprepared to present the other contentions because of lack of evidence, or other reasonable grounds. His answer, other than a flat refusal to disclose the other grounds, was that some of his contentions were presently pending on motion for re-hearing before the United States Supreme Court, and he felt it would be improper to discuss them.

We do not think petitioner's answer a sufficient justification for his refusal to present all his contentions. When taken with his statements at the hearing and the statements made in his letter to the court,

petitioner's actions evince a deliberate and calculated effort to misuse and abuse the habeas. corpus process. The findings of the trial court are amply supported by the record before us.

We hold that petitioner's contention was waived and abandoned by his abuse of the writ of habeas corpus. It remains open to the petitioner to show that the contention urged here is not one of those which could have been urged at the hearing held December 27, 1972. Until such a showing is made, the ground urged is not entitled to consideration.

The relief requested is denied.