**Ex parte James Edwin BILTON, Jr.**

**No. 64449.**

Court of Criminal Appeals of Texas, En Banc.

April 16, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for a post-conviction writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Art. 11.07, V.A.C.C.P.

Petitioner was convicted of the offense of forgery in Cause No. 229822 in the 184th Judicial District Court of Harris County. Punishment was assessed at 11 years in the Texas Department of Corrections.

On March 1, 1978, this Court entered an order holding that petitioner's "continual, piecemeal filing of frivolous applications for a writ of habeas corpus constitutes an abuse of the habeas corpus process." Petitioner has now filed a new application for habeas corpus relief which we find to be meritorious and based upon cases decided subsequent to the entry of our order of March 1, 1978. We will, therefore, consider the merits of petitioner's habeas corpus application. See *Ex parte Dora*, 548 S.W.2d 392 (Tex.Cr. App.1977).

The petitioner contends that the indictment in this case is fundamentally defective because it fails to allege all of the elements of the offense of forgery. A fundamentally defective indictment is subject to collateral attack. *Ex parte Charles*, 582 S.W.2d 836 (Tex.Cr.App.1979); *Ex parte Russell*, 561 S.W.2d 844 (Tex.Cr.App.1978); *Ex parte Valdez*, 550 S.W.2d 88 (Tex.Cr. App.1977); *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr.App.1976). The indictment fails to allege that the purported maker of the instrument did not authorize the act, a necessary element of the offense of forgery.

In *Minix v. State*, 579 S.W.2d 466 (Tex. Cr.App.1979) (opinion on State's motion for rehearing), we held that this was a necessary element of the offense of forgery by possession with intent to utter. In *Landry v. State*, 583 S.W.2d 620 (Tex.Cr.App.1979), we reaffirmed the holding in *Minix* and held that an indictment for forgery by passing which failed to allege that the writing purporting to be the act of another "who did not authorize that act" is fundamentally defective. See also, *Ex parte Davis*, 583 S.W.2d 794 (Tex.Cr.App.1979).

In *Ex parte Huff*, 583 S.W.2d 774 (Tex. Cr.App.1979), this Court held that an indictment for the offense of forgery by making which failed to allege that the purported maker of the check did not authorize the act was likewise fundamentally defective for failing to allege an essential element of the offense. Petitioner is thus clearly entitled to relief.

Accordingly, the judgment of conviction in Cause No. 229822 in the 184th Judicial District Court of Harris County, Texas, is set aside and the indictment is ordered dismissed. Petitioner is ordered discharged from further confinement under this conviction. A copy of this opinion will be sent to the Texas Department of Corrections.

IT IS SO ORDERED.