IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,583-13






EX PARTE BILLY CHARLES WILKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13872-J IN THE 35
TH DISTRICT COURT


FROM BROWN COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation as a
habitual offender and sentenced to ninety-nine years' imprisonment.

 In his present application, Applicant raises two grounds challenging his conviction. This application,
however, presents a more serious question. This Court's records reflect that Applicant has filed eight prior
applications challenging this conviction. It is obvious from the record that Applicant continues to raise
issues that have been presented and rejected in previous applications or that should have been presented
in previous applications. The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S.,
373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). Because of his repetitive
claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived
and abandoned by his abuse of the writ. This application is dismissed.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal Appeals, not
to accept or file the instant application for a writ of habeas corpus, or any future application attacking this
conviction unless Applicant is able to show in such an application that any claims presented have not been
raised previously and that they could not have been presented in a previous application for a writ of habeas
corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).


Filed: November 7, 2007

Do Not Publish