IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-22,735-34






EX PARTE ALFRED LEE STONE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W91-42452-T(Q) IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a building, habitual,
and sentenced to seventy years' imprisonment.

 In his present application, Applicant raises two grounds for challenging his conviction. This
application, however, presents a more serious question. This Court's records reflect that Applicant has
filed fifteen prior applications challenging this conviction. Fourteen of them were dismissed pursuant to
Article 11.07, Section 4, of the Texas Code of Criminal Procedure. It is obvious from the record that
Applicant continues to raise issues that have been presented and rejected in previous applications or that
should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily
abused. Sanders v. U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977). 
Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article
11.07, § 4, and are waived and abandoned by his abuse of the writ. This application is dismissed.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal Appeals, not
to accept or file the instant application for a writ of habeas corpus, or any future application attacking this
conviction unless Applicant is able to show in such an application that any claims presented have not been
raised previously and that they could not have been presented in a previous application for a writ of habeas
corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).


Filed: February 13, 2008

Do Not Publish