IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-53,243-25




EX PARTE BARRY DWAYNE MINNFEE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 49678-D IN THE 320TH DISTRICT COURT
FROM POTTER COUNTY




           Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to life imprisonment.
            In his present application, Applicant raises three grounds challenging his conviction. This
application, however, presents a more serious question. This Court’s records reflect that Applicant
has filed ten prior applications regarding this conviction, five of which have been dismissed as
subsequent applications. It is obvious from the record that Applicant continues to raise issues that
have been presented and rejected in previous applications or that should have been presented in
previous applications. The writ of habeas corpus is not to be lightly or easily abused. Sanders v.
U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his
repetitive claims, we hold that Applicant’s claims are barred from review under Article 11.07, § 4,
and are waived and abandoned by his abuse of the writ. This application is dismissed.
            Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application attacking this conviction unless Applicant is able to show in such an application that any
claims presented have not been raised previously and that they could not have been presented in a
previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App.
1980).
            A copy of this order shall be sent to the Texas Department of Criminal Justice, Correctional
Institutions Division.


Filed: August 25, 2010
Do Not Publish