IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-14,041-27






EX PARTE DENNIS CLAY SHARPLESS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F89-94718-MR IN THE 265TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
retaliation and was sentenced to thirty-five years' imprisonment.

 In his present application, Applicant challenges his conviction alleging ineffective
assistance of trial counsel. This application, however, presents a more serious question. This
Court's records reflect that Applicant has filed seven prior applications challenging this
conviction. It is obvious from the record that Applicant continues to raise issues that have
been presented and rejected in previous applications or that should have been presented in
previous applications. The writ of habeas corpus is not to be lightly or easily abused. 
Sanders v. U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974).
Because of his repetitive claims, we hold that Applicant's claims are barred from review
under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This
application is dismissed.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application attacking this conviction unless Applicant is able to show in such an application
that any claims presented have not been raised previously and that they could not have been
presented in a previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d
534 (Tex. Crim. App. 1980).

 A copy of this order shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division.



Filed: February 1, 2012

Do Not Publish