IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,996-31; WR-65,996-32






EX PARTE MICHAEL TREMAL SANDERS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20577 & 20591 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted, in two cause
numbers, of harassment by a person in a correctional facility and sentenced to fifteen years'
imprisonment on each cause. The Sixth Court of Appeals affirmed his convictions. Sanders v. State,
Nos. 06-05-00105-CR & 06-05-00106-CR (Tex. App.-Texarkana Jan. 5, 2006). 

 In his present applications, Applicant raises four grounds challenging his convictions. These
applications, however, present a more serious question. This Court's records reflect that Applicant
has filed six prior applications challenging these convictions. It is obvious from the record that
Applicant continues to raise issues that have been presented and rejected in previous applications
or that should have been presented in previous applications. The writ of habeas corpus is not to be
lightly or easily abused. Sanders v. U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex.
Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from
review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. These
applications are dismissed.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant applications for writs of habeas corpus, or any future
application pertaining to these convictions unless Applicant is able to show in such an application
that any claims presented have not been raised previously and that they could not have been
presented in a previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534
(Tex. Crim. App. 1980).

 A copy of this order shall be sent to the Texas Department of Criminal Justice, Correctional
Institutions Division and Pardons and Paroles Division.


Filed: September 12, 2012

Do Not Publish