IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-06,882-12






EX PARTE VANCE LEVELL JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0228545 IN THE 297TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to ninety years' imprisonment.

 In his present application, Applicant raises four grounds. This application, however,
presents a more serious question. This Court's records reflect that Applicant has filed seven prior
applications pertaining to this conviction. It is obvious from the record that Applicant continues to
raise issues that have been presented and rejected in previous applications or that should have been
presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. 
Sanders v. U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). 
Because of his repetitive claims, we hold that Applicant's claims are barred from review under
Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This application is
dismissed.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application pertaining to this conviction unless Applicant is able to show in such an application that
any claims presented have not been raised previously and that they could not have been presented
in a previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim.
App. 1980).

 Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: September 12, 2012

Do not publish