IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,260-09






EX PARTE BOBBY RAY HOLTS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 52,194 IN THE 264TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty years' imprisonment.

 In his present application, Applicant contends that he is actually innocent and that trial
counsel was ineffective. This application, however, presents a more serious question. This Court's
records reflect that Applicant has filed five previous applications in this cause that were dismissed
under Article 11.07, § 4 of the Code of Criminal Procedure. It is obvious from the record that
Applicant continues to raise issues that have been presented and rejected in previous applications
or that should have been presented in previous applications. The writ of habeas corpus is not to be
lightly or easily abused. Sanders v. U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex.
Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from
review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This
application is dismissed.

 Therefore, we instruct the Honorable Louise Pearson, Clerk of the Court of Criminal
Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future
application pertaining to this conviction unless Applicant is able to show in such an application that
any claims presented have not been raised previously and that they could not have been presented
in a previous application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim.
App. 1980).

 Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: October 3, 2012

Do not publish