IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-12,444-12






EX PARTE RONNIE RAY BROOKS III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CR7426 IN THE 290TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to eight years' imprisonment.

 In his present application, Applicant raises five grounds. This application, however, presents
a more serious question. This Court's records show that Applicant has filed five previous
applications in this cause that have been dismissed pursuant to Article 11.07, § 4 of the Code of
Criminal Procedure. It is obvious from the record that Applicant continues to raise issues that have
been presented and rejected in previous applications or that should have been presented in previous
applications. The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373
U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive
claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are
waived and abandoned by his abuse of the writ. This application is dismissed.

 Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals,
not to accept or file the instant application for a writ of habeas corpus, or any future application
pertaining to this conviction unless Applicant is able to show in such an application that any claims
presented have not been raised previously and that they could not have been presented in a previous
application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).

 Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: May 8, 2013

Do not publish