IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-47,218-05




EX PARTE LLOYD ANTHONY JACKSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 723038 IN THE 263RD DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to forty years’ imprisonment.
            This Court’s records reflect that Applicant has filed prior applications pertaining to this
conviction. It is obvious from the record that Applicant continues to raise issues that have been
presented and rejected in previous applications or that should have been presented in previous
applications. In his present application, Applicant raises four grounds challenging his conviction. 
This application, however, presents a more serious question. In it, Applicant alleges that he received
ineffective assistance of counsel, that the prosecutor committed misconduct and failed to disclose
favorable evidence to the defense, and that he is actually innocent of the offense. In support of his
allegations, Applicant submitted two documents purporting to be affidavits from co-defendants,
stating that Applicant had no knowledge of or involvement in the offense.
            In opposition, the State has obtained an affidavit from one of the two co-defendants, in which
he denies having written or signed the affidavit presented by Applicant with his application. The
second co-defendant submitted an affidavit in which he states that he did sign the affidavit submitted
by Applicant. 
            The trial court finds that neither of the affidavits submitted by Applicant as newly available
evidence of his actual innocence carries any evidentiary value. In addition, the trial court finds that
the affidavit purporting to be the affidavit of one of the co-defendants constitutes false evidence,
because it was not signed by the person whose affidavit it was purported to be. 
            The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused
The Great Writ by submitting false evidence. Because this application is also a subsequent
application barred by Article 11.07 of the Texas Code of Criminal Procedure, we dismiss this
application. Additionally, based on Applicant’s submission of false evidence, we find that Applicant
has filed a frivolous lawsuit, and cite him for abuse of the writ.
            Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals,
not to accept or file any future habeas application pertaining to this conviction unless Applicant is
able to show in such an application that any claims presented have not been raised previously and
that they could not have been presented in a previous application for a writ of habeas corpus. Ex
parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).
            Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.
 
Filed: October 30, 2013
Do not publish