IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-37,983-08






EX PARTE ALBERT LEE ROBERTSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 598102 IN THE 213TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and indecency with a child and sentenced to life and twenty years' imprisonment,
respectively.

 In his present application, Applicant raises grounds of due process violations, a request for
a rehearing, improper sentencing guidelines, extortion, and trial court fraud and perjury. This
application, however, presents a more serious question. This Court's records reflect that Applicant
has filed six prior applications pertaining to this conviction. It is obvious from the record that
Applicant continues to raise issues that have been presented and rejected in previous applications
or that should have been presented in previous applications. The writ of habeas corpus is not to be
lightly or easily abused. Sanders v. U.S., 373 U.S. 1 (1963); Ex parte Carr, 511 S.W.2d 523 (Tex.
Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from
review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This
application is dismissed.

 Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals,
not to accept or file the instant application for a writ of habeas corpus, or any future application
pertaining to this conviction unless Applicant is able to show in such an application that any claims
presented have not been raised previously and that they could not have been presented in a previous
application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).

 Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Filed: March 12, 2014

Do not publish