

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-53,564-19 & WR-53,564-20

### EX PARTE LAWRENCE GENE QUINTON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1999-79-C21 & 1999-80-C21
### IN THE 54TH DISTRICT COURT FROM MCLENNAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In two cause numbers, Applicant was convicted of six counts of aggravated sexual assault and three counts of indecency with a child. He was sentenced to seventy-five years' imprisonment for all six of the aggravated sexual assault counts, twenty years' imprisonment for two of the indecency with a child counts, and ten years' imprisonment for one count of indecency with a child.

In his present application, Applicant raises two grounds. This application, however, presents

a more serious question. This Court's records reflect that Applicant has filed seven prior applications pertaining to this conviction. It is obvious from the record that Applicant continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This application is dismissed.

Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Filed: December 17, 2014
Do not publish