ACCEPTED
06-14-00214-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/25/2015 3:13:19 PM
DEBBIE AUTREY
CLERK

No. 06-14-00214-CR

IN THE

COURT OF APPEALS

FOR THE SIXTH SUPREME

JUDICIAL DISTRICT OF TEXAS

TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 8:42:00 AM
DEBBIE AUTREY
Clerk

## EX PARTE: RAY LOUIS JOHNSON, JR.

Appealed in Cause No. 0317178, 0317179, and 0317180 from the

8th Judicial District Court of Hopkins County, Texas

STATE'S RESPONSE TO APPLICANT'S BRIEF

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

# TABLE OF CONTENTS

| | |
|---|---|
| **TABLE OF CONTENTS** | **2** |
| **TABLE OF AUTHORITIES** | **3** |
| **SUMMARY OF THE ARGUMENT** | **4** |
| **ARGUMENT AND AUTHORITIES** | **4** |
| **STANDARD OF REVIEW** | **4** |
| **I.   The trial court did not abuse its discretion.** | **5** |
| **II.  This is Applicant's third application raising the same issue.** | **7** |
| **III. The doctrine of laches bars Applicant in this case.** | **9** |
| **IV. Ex Parte Whistance is an example of what Applicant's case is not.** | **11** |
| **PRAYER FOR RELIEF** | **12** |
| **CERTIFICATE OF SERVICE** | **13** |

# TABLE OF AUTHORITIES

**Cases**

*Ex Parte Graves, 436 S.W.3d 395* (Tex.App.Texarkana 2014)................................4

*Ex Parte Morrow, 952 S.W.2d 530* (Tex.Crim.App. 1997)........................................6

*Ex Parte Bilton, 602 S.W.2d 534* (Tex.Crim.App. 1980) ........................................9

*Ex Parte Dora, 548 S.W.2d 392* (Tex.Crim.App. 1997) ..........................................9

*Ex Parte Carrio, 992 S.W.2d 486* (Tex.Crim.App. 1999)........................................9

*Ex Parte Perez, 398 S.W.3d 206* (Tex.Crim.App. 2013)..........................................9

*Ex Parte Whistance, 2007 WL 2891084* (Tex.App. Fort Worth 2007 ) ..................11

**Rules**

Texas Code of Criminal Procedure 11.07;...................................................... 8, 9, 11

Texas Code of Criminal Procedure 11.072;........................................................8, 11

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion by failing to conduct a full evidentiary hearing in this case. This is Applicant's third application for a writ of habeas corpus in which he raises the same issue, with both prior applications being denied. The doctrine of laches bars Applicant from raising a complaint in 2014 that was available to him when his conviction became final in 2005.

## ARGUMENT AND AUTHORITIES

Applicant presents a sole issue for review: Did the habeas court abuse its discretion by failing to conduct a full evidentiary hearing on Applicant's assertion that his guilty plea was not made competently because he was under the influence of Hydrocodone at the time of the plea?

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a post-conviction application for writ of habeas corpus, the Court of Appeals views the evidence in the light most favorable to the habeas court's ruling and will uphold that ruling absent an abuse of discretion. Ex Parte Graves, 436 S.W.3d (Tex. App. Texarkana–2014). The Court of Appeals affords almost total deference to the habeas court's findings of historical fact, so long as those findings are supported by the record. Graves at 396.

## I. The trial court did not abuse its discretion by failing to conduct a full evidentiary hearing in this case.

The trial court issued Findings of Fact and Conclusions of Law on November 17, 2014. (Clerk's Record at 246). Specifically, the court made the following findings of fact:

1. At the time that Applicant pled guilty on October 31, 2003, his trial counsel affirmatively represented that Applicant was competent and understood the proceedings

2. The trial judge was best suited to determine Applicant's competency at the time his plea was entered.

3. The trial judge entered a finding that Applicant was competent at the time of his plea, on October 31, 2003.

4. On February 21, 2005, when Applicant pled true to the allegations in the State's Motion to Proceed, he judicially confessed that on October 31, 2003, at the time of his guilty plea, he read and understood the terms and conditions of his probation.

That trial court also took judicial notice of the Clerk's file. (Clerk's Record at 246). Applicant's plea paperwork from October 31, 2003, consists of 13 pages

of warnings, rights, advisements, and information on subjects ranging from sex offender registration to deferred adjudication to extensive plea admonishments. Applicant's signature, as well as that of his attorney, is recorded throughout the documents. (Clerk's Record at 99 - 112).

In exchange for pleading guilty to Aggravated Sexual Assault of a Child, Applicant reached a plea bargain of 10 years Deferred Adjudication probation and a $2000 fine. (Clerks' Record at 111).

At the time Applicant bargained for a plea deal with the State on the Motion to Proceed, on February 21, 2005, he signed a judicial confession in which he agreed, "I judicially confess … at the time I was placed on probation I received a copy of the terms and conditions of my probation. I read them and understood them…"

It was well within the habeas court's discretion based on these facts to deny the relief requested by Applicant. An applicant seeking relief via the writ of habeas corpus must prove his claim by a preponderance of the evidence. Ex Parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997). Several facts are clear from the record: On October 31, 2003, Applicant successfully negotiated an extremely generous plea agreement of Deferred Adjudication for Aggravated Sexual Assault of a

6

Child. Applicant, his attorney, and the trial judge went back and forth through 13 pages of plea papers.

At the time Applicant was adjudicated guilty of the offense on February 21, 2005, he made no complaint about hydrocodone in October 2003. Instead, he signed a judicial confession and agreed to a 40 year TDCJ sentence. It was not until the reality of prison, four months later, that Applicant first raised the hydrocodone issue in his first application for a writ of habeas corpus. (Clerk's File at 152).

**II.** **This is Applicant's third application for a writ of habeas corpus in which he raises the same issue, with both prior applications being denied.**

Applicant's first application for a writ of habeas corpus was filed on June 30, 2005. He states, "I had two wisdom teeth remove [sic] the day before I entered my plea I was still under the influence of medication and not able to understand what's [sic] was going on. I also told my lawyer he advised me to sign anyway that it didn't matter." (Clerk's File at 158). While the printing is blurred, two official notices from the Texas Court of Criminal Appeals, dated August 4, 2005, and September 2, 2005, make it clear that Applicant's first application was denied. (Clerk's File at 161-162).

7

Applicant's second application for a writ of habeas corpus was filed on January 11, 2012. He states, "…the relator was under the influence at the time of him signing for 10 years probation and his attorney knowing his client just come [sic] from surgery from an extract wisdom tooth, the relator was incompetent to function properly because of the medication 'hydrocodone painkiller'…" An official notice from the Texas Court of Criminal Appeals, dated March 7, 2012, informed Applicant that his second application was denied. (Clerk's File at 213).

After trying and failing twice, Applicant changed his strategy. On May 12, 2014, Applicant filed his third application for a writ of habeas corpus, stating that he was no longer seeking habeas relief under 11.07 of the Texas Code of Criminal Procedure, but that he was now seeking relief under 11.072. He reasoned that this tactic would warrant a "second bite at the apple," or in this case, a third. Applicant raised the medication issue again. "Petitioner underwent an oral surgery procedure … he was prescribed a powerful narcotic drug known as hydrocodone…" It is the denial of relief to this third application that Applicant is appealing from.

Section 11.072 was enacted in 2003, even before Applicant's first application for a writ of habeas corpus. (Added by Acts 2003, 78th Leg., ch. 587, Sec. 1, eff. June 20, 2003). This is not the case of an Applicant who is seeking to avail himself of the benefit of a newly enacted law. Instead, this is the case of an

8

Applicant whose repeated attempts to obtain a different result by raising the same complaint are an abuse of the writ of habeas corpus. Ex Parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980) ("continual, piecemeal filing of frivolous applications" constituted abuse); Ex Parte Dora, 548 S.W.2d 392 (Tex. Crim. App. 1997) (order recited that continual filing of same claim in repeated applications constituted abuse of writ.).

III.   **The doctrine of laches bars Applicant from raising a complaint in 2014 which was available to him when his conviction became final in 2005.**

Laches is a common-law doctrine under which relief may be denied because of delay in seeking relief that results in prejudice to the adverse party. Ex Parte Carrio, 992 S.W.2d 486 (Tex. Crim. App. 1999). In Article 11.07 proceedings, the adverse party is the State. The focus of the doctrine is on prejudice to the State, not on the delay alone. Carrio at 488. In 2013, the Texas Court of Criminal Appeals explained that the Court will (1) no longer require the State to make a 'particularized showing of prejudice' so that courts may more broadly consider material prejudice resulting from delay, and (2) expand the definition of prejudice under the existing laches doctrine to permit consideration of anything that places the State in a less favorable position, including prejudice to the State's ability to

retry a defendant, so that a court may consider the totality of the circumstances in deciding whether to grant equitable relief. Ex Parte Perez, 398 S.W.3d 206 (Tex. Crim. App. 2013).

The Court in Perez held that delays of more than five years after the exhaustion of direct appeals may generally be considered unreasonable in the absence of any justification for the delay. Perez at 216. The Court created a "sliding scale" standard, and the extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay. Perez at 216.

In Applicant's case, his conviction became final on February 21, 2005, when he was adjudicated guilty. As part of his initial plea bargain on October 31, 2003, Applicant waived his right to appeal. It has been approximately ten years since Applicant was convicted. Twelve years have passed since the trial judge, defense attorney, prosecutor, and court reporter were present to witness the facts at issue: Applicant's competency at the time of his plea on October 31, 2003. The State certifies that as of the time of this filing, after investigation, that the State is no longer in possession of the court reporter's transcript from twelve years ago.

Applying the sliding scale standard of Perez to this case, the State would be materially prejudiced if it had to rely solely on the memories of trial participants of an event that occurred twelve years ago and that was likely a routine event: a guilty

plea in a criminal District Court. By contrast, Applicant delayed his application twelve years, far beyond the five year guiding principle from Perez.

Applicant's anticipated response, that laches should not apply because he initially filed an application in 2005, seeks to turn an equitable principle on its head: If Applicant had filed under either 11.07 or 11.072 three times, he would be barred from repeatedly raising the same issue. Instead, Applicant shifted course between his second and third applications, and seeks to benefit from it.

## IV. Ex Parte Whistance, provides a clear illustration of what Applicant's case is not.

Applicant cites Ex Parte Whistance, 2007 WL 2891084 (Tex. App. Fort Worth – 2007) in support of its case. In Whistance, an applicant for a writ of habeas corpus under 11.072 argued that her guilty plea was involuntary due to being under the influence of a controlled substance. The timeline of Whistance is as follows: Applicant filed her 11.072 application on April 5, 2007, challenging the guilty plea she entered on February 8, 2005. In other words, only two years had passed from the date of the contested event until the application was filed. Notably, the trial judge provided an affidavit that he had no specific memory of the plea. Applying the Perez standard, the prejudice to the State in Whistance was less and the delay was shorter than in Applicant's case, by a ratio of six to one.

## PRAYER FOR RELIEF

The State requests that this Court AFFIRM the habeas court's denial of relief to Applicant.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Wade Forsman, on this the 25th day of February, 2015.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

**CERTIFICATE OF WORD COUNT**

I certify that this document contains 1,796 words according to the counting tool in the program used to generate this document.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney