

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-1,499-28, 1,499-29, and 1,499-30

### EX PARTE BOBBY RAY BROWN, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 98-67642, 98-02366, and 99-00990 IN THE 363rd DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three separate theft offenses and he was sentenced to imprisonment for forty-five years, twenty years and twenty years, respectively.

In his present applications, Applicant raises one ground for relief. These applications, however, present a more serious question. This Court's records reflect that Applicant has filed seven prior applications pertaining each of these convictions. It is obvious from the record that Applicant

continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. These applications are dismissed.

Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals, not to accept or file the instant applications for a writ of habeas corpus, or any future applications pertaining to these convictions unless Applicant is able to show in such applications that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Filed: November 18, 2015
Do not publish