

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-77,402-55, WR-77,402-56, WR-77,402-57, & WR-77,402-58

### EX PARTE DARRELL HARPER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. D-1-DC-11-904087
### IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offenses of terroristic threat and retaliation and sentenced to six years' imprisonment in each case.

In his present applications, Applicant raises several grounds. These applications, however, present a more serious question. This Court's records reflect that, since the convictions were final, Applicant has filed twelve prior applications pertaining to these convictions. It is obvious from the record that Applicant continues to raise issues that have been presented and rejected in previous

applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974); *Ex parte Harper*, No. WR-77,402-36 (Tex. Crim. App. Feb. 26, 2014) (not designated for publication). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. These applications are dismissed.

Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals, not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: April 13, 2016
Do not publish