

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-85,854-02 & -03 & -04

### EX PARTE ROBERT LEE HIGHLAND, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR06-0606-01 & CR06-0607-01 & CR06-0605-01
### IN THE 415TH DISTRICT COURT FROM PARKER COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three offenses of aggravated sexual assault of a child and sentenced to life imprisonment for each offense. The Eleventh Court of Appeals affirmed his convictions in *Highland v. State*, Nos. 11-07-00302-CR & 11-07-00303-CR & 11-07-00304-CR (Tex. App.—Eastland Oct. 23, 2008)(not designated for publication).

In the present applications, Applicant raises multiple grounds for challenging his convictions. These applications, however, present a more serious question. Applicant alleges the State withheld

facts from the trial court and jury. In support of his allegations, Applicant submitted an affidavit purporting to be from the victim in which she claims that the offenses did not occur, that she informed the State she wanted to testify at trial, but that the State would not allow her to testify, and instead allowed Applicant to be wrongfully convicted for something that never happened. It is unclear from the face of these documents if they are accurate and reliable or improperly presented to this Court by Applicant.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1977). As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the affidavit, purportedly signed by the victim on July 25, 2016, and submitted by Applicant, is accurate, correct, and authored by the person listed in the document. If the court finds that the victim did execute the affidavit, it shall enter findings of fact as to the credibility of the affiant and specific findings as to whether Applicant is entitled to relief. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  January 11, 2017
Do not publish