

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. 70,204-03

**EX PARTE JUAN MELECIO ESPARZA, Applicant**

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. F-2005-2101-C WHC 3
### IN THE 211TH DISTRICT COURT FROM DENTON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to seventy-five years' imprisonment. The Second Court of Appeals affirmed his conviction in *Esparza v. State*, No. 02-08-00326-CR (Tex. App.—Fort Worth, Oct. 1, 2009)(not designated for publication).

In the present subsequent application, Applicant raises multiple grounds for challenging his conviction. This application, however, present a more serious question. Applicant alleges that he is innocent and that he has newly discovered evidence to support his ineffective assistance of counsel

claims raised in his prior writ application. In support of his allegations, Applicant submitted an affidavit, purporting to be from one of the victim's relatives, in which she claims that the gun belonged to the victim, that Applicant and the victim did not have a rocky relationship, and that the victim was attempting to commit suicide and, during a struggle over the gun, Applicant accidentally shot the victim in the head. It is unclear from the face of this document if it is accurate and reliable or improperly presented to this Court by Applicant.

The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1977). As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the affidavit, purportedly signed by Christina Hernandez on September 25, 2017, and submitted by Applicant, is accurate, correct, and authored by the person listed in the document, and whether the document was notarized by said Notary Public. If the court finds that Ms. Hernandez did execute the affidavit, it shall enter findings of fact as to the credibility of the affiant and specific findings as to whether Applicant is entitled to relief. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  July 25, 2018
Do not publish