

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-65,609-07

### EX PARTE LESLEY WAYNE CONNOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-03-1172-S-W-7 IN THE 119th DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of assault on a family member and one count of terroristic threat. Applicant was sentenced to eighty five years' imprisonment and one hundred and eight days in state jail, respectively.

In his present application, Applicant raises five grounds. This application, however, presents a more serious question. This Court's records reflect that Applicant has filed six prior applications pertaining to this conviction. It is obvious from the record that Applicant continues to raise issues

that have been presented and rejected in previous applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This application is dismissed.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: December 12, 2018

Do not publish