

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-48,559-18

**EX PARTE JAMES THOMAS GREEN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 715266-H IN THE 248TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to thirty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Green v. State*, No. 14-96-01536-CR (Tex. App.—Houston [14th Dist.] Jan. 28, 1999, pet. ref'd)(not designated for publication).

In his present application, Applicant raises four grounds. This application, however, presents a more serious question. This Court's records reflect that Applicant has filed seven prior

applications pertaining to this conviction. It is obvious from the record that Applicant continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This application is dismissed.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: January 30, 2019
Do not publish