

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-63,583-28

### EX PARTE RONNIE TURNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-3-W011403-0941085-O
### IN CRIMINAL DISTRICT COURT NUMBER THREE
### FROM TARRANT COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to forty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Turner v. State*, No. 02-05-00427-CR (Tex. App.—Fort Worth Oct. 5, 2006) (not designated for publication).

Applicant contends, among other things, that he is actually innocent. This application, however, presents a more serious question. According to this Court's records, Applicant has filed

at least five previous applications that have been dismissed under Article 11.07, § 4 of the Code of Criminal Procedure. It is obvious from the record that Applicant continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ. This application is dismissed.

Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Filed: September 11, 2019
Do not publish